MIDLAND LINSEED PRODUCTS CO. ET AL. *v.* UNITED STATES (No. 2009).[1]

STIPULATION.

A segregable mixture of linseed and screenings was assessed with duty as linseed. Upon appeal to the Board of United States General Appraisers, the parties stipulated that the screenings bore a dutiable value of $10.50 per ton. The board found no value for the screenings and refused to the importers a rehearing asked for on this ground. There was no reversible error.

United States Court of Customs Appeals, March 24, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43282.

[Affirmed.]

*Allan R. Brown* for appellants.
*Bert Hanson*, Assistant Attorney General (*Charles D. Lawrence*, special attorney, of counsel), for the United States.

[Oral argument Feb. 27, 1920, by Mr. Brown and Mr. Lawrence.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case was invoiced and entered by the importers as linseed. The appraiser appears to have regarded the importation as composed entirely of linseed, dutiable at the specific rate of 20 cents per bushel, for he simply made a return of "Linseed, 20 cents per bushel." The collector accordingly assessed the entire importation with duty at the specific rate of 20 cents per bushel of 56 pounds, under paragraph 212, tariff act of 1913, and the entry was thereupon liquidated upon the theory that the importation consisted of nothing but linseed and was all dutiable at the given rate.

The importers, however, protested against the liquidation, upon the claim that the importation consisted in part of a segregable admixture of screenings which should have been separately assessed with duty at the rate of 10 per cent ad valorem as a nonenumerated unmanufactured article within paragraph 385 of the act.

[1] T. D. 38361 (38 Treas. Dec., 291).

The protest was submitted to the Board of General Appraisers upon testimony, together with a stipulation of facts, and the board sustained it. The board found that the merchandise consisted in fact of linseed, together with a segregable admixture of screenings, and that the linseed was dutiable at the specific rate of 20 cents per bushel of 56 pounds as assessed, but that the screenings were separately dutiable at 10 per cent ad valorem as a nonenumerated unmanufactured article. Attached to the decision was a detailed schedule prepared by the board specifying the exact percentage of screenings of each entry, and the board returned the case to the collector with directions "to reliquidate the entries, using as the basis of his reliquidation the quantities set forth in the attached schedule A."

In the stipulation which was filed with the board at the trial it was agreed by the parties that the screenings in question bore a dutiable value of $10.50 per ton. It may be assumed that the parties expected the board to adopt this valuation as part of its decision in case the protest should be sustained and to certify this valuation to the collector as one of the bases for his reliquidation. The board, however, declined to fix or certify the dutiable valuation of the screenings, and limited its finding to the quantity thereof and the ad valorem rate of duty applicable thereto, returning the case as aforesaid to the collector for reliquidation accordingly.

The importers thereupon filed an application for a rehearing upon the following grounds:

The board has failed to find the value of the screenings in accordance with the stipulation, and said fact is, or may be, material for purposes of reliquidation. A rehearing is requested in order that said finding may be made.

This application was overruled by the board, and the importers have appealed upon this issue to the court. The Government has taken no appeal in the case, and no question concerning the quantity of the screenings or the rate of duty assessable upon them, or upon the linseed, remains in the case.

It is, of course, quite evident that the entries in question were not capable of reliquidation by the collector at the ad valorem rate of duty determined by the board until after the dutiable valuation of the screenings had first been ascertained and declared by some lawful means or agency. It will be remembered that the screenings had not been separately appraised by the local appraiser when the merchandise was entered, since the importation was then treated throughout as one of pure linseed, and concededly linseed was subject to a specific duty only. It is claimed by the importers that under these circumstances the board should have made a finding of the dutiable value of the screenings as well as the quantity thereof, and should have incorporated this in its decision; while, on the other

hand, it is claimed by the Government that the board pursued the correct course when it found the segregable quantity of screenings in the several entries and the rate of duty assessable thereon, and returned the case to the collector for reliquidation accordingly. Under this order, it is claimed, the collector was authorized and required by force of the order itself, as well as by the administrative provisions of the tariff act, to cause the local appraiser to appraise the screenings at their dutiable value for the purposes of the reliquidation contemplated by the decision.

It may be repeated, then, that the present appeal raises but a single issue, namely, was it error for the board to refuse to find and certify to the collector the dutiable value of the screenings, after having found the quantity thereof and the ad valorem rate of duty assessable thereon; or, on the other hand, did the board discharge its duty by finding the segregable quantity of the screenings and the rate of duty applicable thereto, and by remanding the case thereupon to the collector for reliquidation in accordance with the facts thus found.

In answer to this question we may say first that in our opinion the decision of the board, including the order whereby the entries were remanded to the collector for reliquidation, fairly and sufficiently implied a duty upon the collector to secure an appraisement of the screenings from the proper appraiser as a basis for the required liquidation. And, moreover, the duties of appraisers, being prescribed by statute, may be exercised in such a case as this without a direct order from either the board or the collector.

In the present case, furthermore, the decision of the board, acting as a classification board, did not depend in any degree upon the dutiable valuation of the screenings, and it was not necessary for the board to make a finding upon this subject in order to decide the issue raised by the protest. That issue related to the rate of duty which was applicable to the screenings, and not to their value. The collector had decided that the screenings were dutiable at the rate of 20 cents per bushel, whereas the importers contended that they were dutiable at 10 per cent ad valorem. It was this decision of the collector which was before the board for review, and the value of the screenings bore no relation whatever to the question.

We therefore think that the board committed no reversible error when, after finding the percentage of segregable screenings in each entry and the rate of duty assessable thereon, it returned the case to the collector for lawful appraisement and assessment accordingly. This course, furthermore, preserved to each party the statutory right of appeal to reappraisement in case of dissatisfaction with the appraiser's valuation. (Paragraphs K, L, M, Sec. III, tariff act of

1913.)   It may be asked why the board should have determined the percentage of screenings in the entries while refusing to pass upon the value thereof.   In answer to this it may be observed that the question of the segregability of the screenings was necessarily before the board, as bearing upon the rate of duty applicable to them.   It was in line with this inquiry that the board entered its finding as to the percentage in question.

We do not mean to hold by this decision that a classification board is under all circumstances and in every instance powerless or prohibited from passing upon the value of merchandise which may be before it, but we see no error in the course pursued by the board in the present case.

The original files in the case disclose the fact that in pursuance of the board's decision, after the case was returned to the collector that officer called upon the local appraiser for an appraisement of the screenings in question for the purposes of the reliquidation ordered by the board, and that the appraiser returned a valuation identical with that stipulated by the parties at the trial.   While we make note of this fact, we do not consider it necessary to inquire whether the fact should be regarded as a bar to the present appeal.

We may note, furthermore, that this conclusion is consistent with the practice pursued in the analogous case of United States v. Williamson (8 Ct. Cust. Appls., 277; T. D. 37538), although the present issue was not specifically raised in that case.

The present decision relates to the appeal of the Midland Linseed Products Co. only, since the appeal of the other parties appellant has already been disposed of separately by a consent entry.

The decision of the board is therefore affirmed.

*Affirmed.*

MONTGOMERY, Presiding Judge, took no part in this decision.