R. J. GODWIN'S SONS, INC. *v.* UNITED STATES (No. 3771)[1]

[1] T. D. 47373

United States Court of Customs and Patent Appeals, November 5, 1934

*Walden & Webster* (*J. L. Klingaman* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *William H. Futrell*, special attorney, of counsel), for the United States.

[Oral argument October 3, 1934, by Mr. Klingaman and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain pictures, composed wholly or in chief value of paper lithographically printed, imported in wooden frames, dutiable as manufactures of wood at 33⅓ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as assessed by the collector at the port of New York.

Appellant concedes that the frames were correctly classified by the collector. It claims, however, that the lithographic prints are separately dutiable as such at the appropriate rate under paragraph 1406 of that act.

Paragraph 412, and the pertinent part of paragraph 1406, read as follows:

PAR. 412. Spring clothespins, 20 cents per gross; furniture, wholly or partly finished, and parts thereof, and folding rules, all the foregoing, wholly or in chief value of wood, and not specially provided for, 40 per centum ad valorem; wood moldings and carvings to be used in architectural and furniture decoration, 40 per centum ad valorem; bent-wood furniture, wholly or partly finished, and parts thereof, 47½ per centum ad valorem; paintbrush handles, wholly or in chief value of wood, 33⅓ per centum ad valorem; wood flour, and manufactures of

wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

Par. 1406. Pictures, * * * composed wholly or in chief value of paper lithographically printed in whole or in part from stone, gelatin, metal, or other material (except boxes, views of American scenery or objects, and music, and illustrations when forming part of a periodical or newspaper, or of bound or unbound books, accompanying the same), not specially provided for, shall be subject to duty at the following rates: * · * * not exceeding twelve one-thousandths of one inch in thickness, 30 cents per pound; exceeding twelve and not exceeding twenty one-thousandths of one inch in thickness, and less than thirty-five square inches cutting size in dimensions, 12 cents per pound, and in addition thereto on all said articles exceeding twelve and not exceeding twenty one-thousandths of one inch in thickness, if either die-cut or embossed, three-fourths of 1 cent per pound; if both die-cut and embossed, 1½ cents per pound; exceeding twenty one-thousandths of one inch in thickness, 8¾ cents per pound: *Provided*, that in the case of articles hereinbefore specified the thickness which shall determine the rate of duty to be imposed shall be that of the thinnest material found in the article, but for the purposes of this paragraph the thickness of lithographs mounted or pasted upon paper, cardboard, or other material shall be the combined thickness of the lithograph and the foundation on which it is mounted or pasted, and the cutting size shall be the area which is the product of the greatest dimensions of length and breadth of the article, and if the article is made up of more than one piece, the cutting size shall be the combined cutting sizes of all of the lithographically printed parts in the article.

On the trial in the court below, counsel for the parties entered into the following stipulation:

It is hereby stipulated and agreed between counsel as follows:

1. That the merchandise consists of lithographic prints in wooden frames identical with the merchandise the subject of Abstract 20247.

2. That said lithographic prints are mounted on cardboard; that they exceed 35 square inches in cutting size and 20/1000 of one inch in thickness; that they are valued at $1.50 each and weigh 2 lbs. 2 oz. each.

3. That the record in said Abstract 20247 may be received in evidence and the protest submitted, the right to a first docket call and to amend the said protest being hereby waived.

In accordance with the stipulation, the record in the case of *R. J. Godwin's Sons, Inc.* v. *United States*, Abstract 20247, was introduced in evidence. That record included Exhibit 1, which consists of a picture lithographically printed, depicting a steamship crossing the ocean. The picture or lithographic print is mounted or pasted on heavy cardboard, and is composed in chief value of paper. It was imported in a wooden frame, and was held in place by narrow strips of wood tacked to the frame. It appears from the record in that case that the lithographic prints and their frames were assessed for duty by the collector at the port of New York as manufactures in chief value of wood, under paragraph 410 of the Tariff Act of 1922, in accordance with the provisions of section 507 of that act, because, as stated by the appraiser in answer to the protest, the lithographic prints and their frames were "commingled so that the value, measurements, etc., on each cannot be ascertained."

Section 507 reads:

SEC. 507. COMMINGLING OF GOODS.—Whenever dutiable merchandise and merchandise which is free of duty or merchandise subject to different rates of duty are so packed together or mingled that the quantity or value of each class of such merchandise can not be readily ascertained by the customs officers, the whole of such merchandise shall be subject to the highest rate of duty applicable to any part thereof, unless the importer or consignee shall segregate such merchandise at his own risk and expense under customs supervision within ten days after entry thereof, in order that the quantity and value of each part or class thereof may be ascertained.

Frank A. McCarthy, an examiner of merchandise at the port of New York, who examined and advisorily classified the merchandise there involved, was called as a witness by the importer. He testified, among other things, that oil paintings imported in frames were not assessed for duty as entireties; that if the paintings were free of duty they were so classified, and the frames separately assessed for duty under the appropriate paragraph of the tariff act. The witness' testimony was taken subsequent to the enactment of the Tariff Act of 1930—May 5, 1931.

The court there held, in an opinion by McClelland, J., Brown, J., dissenting, that the merchandise was not commingled within the purview of the provisions of section 507, *supra*, but was dutiable as entireties. In so holding, the court stated that the merchandise was voluntarily entered as entireties, and that—

There is nothing to indicate that either the protestant or the ultimate consignee claimed that the picture and the frame could without injury thereto be separated and separate values placed thereon until after the appraiser's return of value, with advisory classification for the guidance of the collector, and the collector's actual classification and assessment.

\*　　\*　　\*　　\*　　\*　　\*　　\*

In view of the finished condition of the framed pictures as imported, the action of the protestants in entering them as entireties without specification of separate values of the components we do not think that there rested upon the appraiser under the circumstances any obligation to find separate values for such components. No dissatisfaction with the appraiser's action was expressed until after the collector's liquidation of the entry although such dissatisfaction might have been expressed in the form through an appeal to reappraisement, in which case at least an effort might have been made to secure the return of separate values for the components.

There is absolutely nothing in the record which would justify this court in finding a basis for the assessment of separate rates of duty on the components.

We find that the articles are entireties in chief value of wood and hold that duty was properly assessed.

That case was decided May 2, 1932.

It appears from the answer to the protest in the case at bar that the merchandise was assessed for duty by the collector as entireties, not as commingled goods.

In the case at bar, the trial court's attention was called to the following decisions of the Board of General Appraisers (now United

344

States Customs Court): G. A. 2388, T. D. 14630, decided December 27, 1893; G. A. 2524, T. D. 14841, decided March 7, 1894, hereinafter referred to.

The court in an opinion by McClelland, J., Brown, J., dissenting, stated that the cases above referred to were not applicable to the instant case, because it did not appear that the merchandise involved in those decisions was comparable to the pictures and frames here involved. The court then quoted the excerpts, hereinbefore set forth, from its former decision, and held, on the authority of its decision in that case, that the involved pictures and frames were dutiable as entireties.

It is contended by counsel for appellant that the involved lithographic prints and the wooden frames are not dutiable as entireties; that the lithographic prints are dutiable at the appropriate rate under paragraph 1406, *supra,* and that the frames are dutiable as assessed by the collector as manufactures of wood under paragraph 412, *supra;* that the issue as to whether the lithographic prints and their frames are dutiable separately or as entireties is controlled by the decisions in G. A. 2388, T. D. 14630, *supra;* G. A. 2524, T D. 14841, *supra; Kronfeld, Saunders & Co. et al.* v. *United States,* 5 Ct. Cust. Appls. 222, T. D. 34399; and that the mere fact that appellant failed to state in the entry that the pictures and their frames could be separated without injury, and to declare separate values for them, is not sufficient to warrant a holding that the lithographic prints and the frames are dutiable as entireties. In support of that proposition, counsel for appellant cited the following cases: *Midland Linseed Products Co.* v. *United States,* 10 Ct. Cust. Appls. 101, T. D. 38361; *United States* v. *Alex. Murphy & Co.,* 16 Ct. Cust. Appls. 461, T. D. 43210; *United States* v. *John Wanamaker,* 20 C. C. P. A. (Customs) 381, T. D. 46185.

It is contended by counsel for appellee that there is nothing in the record to demonstrate that the lithographic prints and their frames are ever sold separately; that the cases relied upon by counsel for appellant are not controlling of the issues here; that the lithographic prints and their wooden frames are not "segregable" for commercial purposes; that it was not the duty of the appraiser to find separate values for the lithographic prints and their frames; that the doctrine of entireties is applicable to the involved merchandise; and that the judgment of the court below should be affirmed.

In G. A. 1718, T. D. 13338, decided August 31, 1892, the Board of General Appraisers (now United States Customs Court) held that pictures lithographically printed and the tin frames in which they were imported, although invoiced as entireties, were separately dutiable—the lithographic prints at 35 per centum ad valorem under paragraph 420 of the Tariff Act of 1890, and the tin frames as manu-

factures of tin under paragraph 143 of that act. In so holding, the court, among other things, said:

* * * Importers cannot evade the just payment of duties by invoicing different kinds of merchandise in a lump sum, nor should unjust duties be exacted from them by reason of the specifications in invoices over which they probably have no control.

. The Treasury Department, in numerous decisions extending over a period of more than 20 years, has ruled that pictures and frames whether invoiced separately or jointly are subject to the rates of duty applicable to the several articles. In Synopsis 8006, January 25, 1887, we find the following language: "The fact that frames are not separately specified on the invoice does not affect their classification, but in such cases their value should be separated by the appraiser, and duty levied thereon according to the materials of which they may be composed."

In G. A. 2388, T. D. 14630, *supra*, the Board of General Appraisers (now United States Customs Court) held, on the authority of its decision in G. A. 1718, T. D. 13338, *supra*, that certain "glass-covered lithographic prints in tin frames" were not dutiable as entireties, and that the prints and the frames were separately dutiable.

In G. A. 2524, T. D. 14841, *supra*, the Board of General Appraisers (now United States Customs Court) again held that "lithographic prints mounted in frames composed of tin, glass, and paper," were not dutiable as entireties, but that the lithographic prints and the frames were separately dutiable.

Our attention has not been called to any decisions by the courts, except the decision in the case of *R. J. Godwin's Sons, Inc., supra,* nor to any rulings by the Treasury Department, holding that lithographic prints imported in frames were dutiable as entireties. Had there been any such decision, or if the administrative practice under prior tariff acts was contrary to the holdings in the cases hereinbefore referred to, we are confident that our attention would have been called thereto. So far as the issues here are concerned, paragraph 1406, *supra*, is not materially different from its predecessor paragraphs in preceeding tariff acts. Accordingly, it seems fair to say, in the language of counsel for appellant, "there should be no question today concerning the proper assessment of such merchandise "

In the case of *Kronfeld, Saunders & Co. et al., supra,* decided April 14, 1914, under the Tariff Act of 1909, this court held that paintings imported in wooden frames were not dutiable as entireties, but were separately classifiable. The court there pointed out that, since 1866, paintings and the frames in which they were mounted were considered as separate entities for tariff purposes, *and the mere fact that the frames and the paintings were not separately "specified in the invoice" did not affect their classification.* (Italics ours.) With reference to the ques-

tion of the segregability of the two articles—the paintings and the frames—the court said:

The claim that these framed pictures are integral articles and can not be separated for the assessment of duty is answered by the fact that the frame and the picture may be sold separately—the picture may be sold without the frame—and if by adapting it to a particular picture it becomes an integral part of the article, it is still separable for tariff purposes. See United States *v.* Waterhouse (1 Ct. Cust. Appls., 353; T. D. 31452) and cases cited and United States *v.* Ranlett (172 U. S., 133).

At the time of the oral arguments in this court, counsel for the Government conceded that, in view of the decision in the *Kronfeld, Saunders & Co.,* case, *supra,* paintings and the frames in which they are mounted are separately classifiable.

We see no distinction in principle between the segregation of paintings and their frames, for the purposes of the assessment of duties, and the segregation of lithographic pictures from their frames for a like purpose. That picture frames are dealt in and sold in the United States as a separate commercial entity is a matter of such general knowledge that this court may take judicial notice of it. Furthermore, it is obvious from an inspection of Exhibit 1 that the lithographic print may readily be removed from the frame in which it is mounted. We conclude, therefore, that the lithographic prints and the frames in which they are mounted are not dutiable as entireties; that the frames are dutiable as manufactures of wood as assessed by the collector; that the lithographic prints are dutiable at the appropriate rate provided in paragraph 1406; and that the mere fact that the values of the lithographic prints and the wooden frames were not separately "specified on the invoice" and in the entry does not affect their classification. G. A. 1718, T. D. 13338, *supra; Kronfeld, Saunders & Co. et al., supra;* see also *Midland Linseed Products Co. v. United States, supra; United States v. Alex. Murphy & Co., supra; United States v. Wanamaker, supra.*

The judgment is *modified,* being *affirmed* so far as it holds that the involved wooden frames were dutiable as manufactures of wood under paragraph 412, and in all other respects *reversed,* and the cause is *remanded* for proceedings consistent with the views herein expressed.